UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

## Application for Order Approving Employment

Case Name:   SWISS VALLEY AGENCY, INC.   Case Number:   14-01512-FPC11

**Comes now the undersigned attorneys for the Debtor and applies to the Court for an order approving the employment of Phillabaum, Ledlin, Matthews & Sheldon, PLLC effective as April 22, 2014 as Lawyers for the Debtor in the above entitled estate pursuant to 11 USC § 327(e) for the special specified purpose of representing the Debtor in the State Court Litigation proceedings brought by Rebecca Mauch and Kellie Davis ("Mauch & Davis"); counterclaims of the Debtor against Mauch & Davis; objection to claims proceedings in this Court involving Rebecca Mauch and/or Kellie Davis; the appeal of the judgment entered in the State Court Litigation against Debtor presently pending before the Washington State Court of Appeals; and litigating any objection to discharge of debt filed by Rebecca Mauch and/or Kellie Davis.**

For purposes of this application and verification and the disclosures contained herein, the term APPOINTEE shall include the named appointee, and if the named appointee is a law partnership or corporation or an accounting partnership or corporation, or is an attorney or accountant employed as a partner, member, or regular associate of a partnership or corporation, the named appointee and each member, partner or regular associate of such partnership or corporation.

Applicant and Appointee in making and verifying this application understand that appointee is a fiduciary to the estate or creditors committee as appropriate, and is obligated to fully and candidly disclose all material facts relating to the employment and is obligated to timely disclose subsequently discovered material facts.

Your applicant makes the following representations under penalty of perjury and subject to 18 USC § 152:

1. That the specific facts showing the necessity for the employment are:  Debtor is currently involved in litigation pending in the Spokane County Superior Court filed under case number 10-2-01008-9, entitled <u>Rebecca Mauch, a single woman, and Kellie Davis, a married woman, Plaintiffs, vs. Bourke Owens and Diane Owens, a marital community, Defendants; Bourke Owens and Diane Owens, a marital community; Swiss Valley Agency, dba North Town Insurance Agency, a Washington corporation, Third-Party Plaintiffs, v. Timothy V. Kassa and Jane Doe Kassa, a marital community; and Kassa Insurance Services, Inc., a Washington corporation; and Kellie Davis and Jason Davis, a marital community, Third-Party Defendants</u> (the "State Court Litigation"). The Kassa entities have been dismissed. A judgment was entered in favor of Plaintiffs in the State Court Litigation. The Defendants appealed the judgment. The appeal is presently pending before the Court of Appeals for the State of Washington (the "Appeal").

2. That the reason for the selection of the above named appointee is: Appointee has represented the Debtor, Harry Bourke Owens, and Diana Owens in matters relating to the State Court Litigation since March 9, 2010 and has represented Debtor in that action since 6/11/2010. Appointee represented the Defendants in a four-day trial of the State Court Litigation. Appointee's continued representation of the Debtor, Harry Bourke Owens, and Diana Owens in these matters will be the most efficient and least burdensome manner of resolving the claims of Mauch & Davis against the Debtor, Harry Bourke Owens, and Diana Owens, and the counterclaims of the Debtor, Harry Bourke Owens, and Diana Owens against Mauch & Davis. On December 19, 2013, Harry Bourke Owens and Diana Owens filed a Chapter 11 Bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Washington (the "Bankruptcy Proceeding") On February 14, 2014, the Bankruptcy Court entered an order approving Appointee's employment in the Bankruptcy Proceeding as special counsel for the State Court Litigation and Appeal.

3. That the professional services to be rendered are: Representing the Debtor in State Court Litigation proceedings brought by Mauch & Davis; counterclaims of the Debtor against Mauch & Davis; representing the Debtor in the Appeal; objection to claims proceedings in this Court in the event claims are filed by Rebecca Mauch and/or Kellie Davis; litigating any objection to discharge of debt filed by Rebecca Mauch and/or Kellie Davis; and representing Debtor in this Court in matters that may affect the State Court proceedings and the appeal. The status of the State Court litigation is that the Judge concluded a four day trial after Mauch & Davis put on their case. The Judge did not permit Debtor to call witnesses or to put on any other evidence supporting its defenses or counterclaims.[1] A judgment was entered in favor of Plaintiffs in the State Court Litigation (the "Judgment"). An appeal of the Judgment was filed by the Debtor, Harry Bourke Owens, and Diana Owens. The appeal is pending. Debtor filed, or will file shortly, a Motion for Relief from Stay for the limited purpose of authorizing any appellate Court to enter any appropriate orders or final decision. Applicant will request a new trial, will represent the Debtor in any appeal, will represent the Debtor in its bankruptcy proceedings to resolve claim issues raised by Mauch & Davis, and will defend the Debtor in adversary proceedings to except from discharge the debt to Mauch & Davis.

The subject matter of the Lawsuit arose from the purported sale of the assets of the Debtor by Harry Bourke Owens and Diana Owens to Mauch & Davis. If the Debtor

---

[1] The day following her ruling that Harry Bourke Owens and Diana Owens would not be permitted to put on a case, the Court advised Harry Bourke Owens and Diana Owens that they would be permitted to put in evidence. Because Harry Bourke Owens and Diana Owens' witnesses had been told their testimony would not be heard by the Court, some were no longer available. In response, Harry Bourke Owens and Diana Owens requested a continuance, which was denied. The Debtor was then added as a party to the Judgment by the State Court, without permitting the Debtor to put in any evidence, or otherwise defend the State Court Litigation.

prevails, the estate will benefit by the reduction of approximately $860,991.78 in claims against it.

4. That appointee is qualified to provide the services to be rendered based on the following: Members of the law firm are eligible to practice in all Washington State and Federal Courts, the Ninth Circuit Court of Appeals, and the U.S. Supreme Court.

5. That any proposed arrangement as to compensation, including hourly rates or flat fees if applicable, is as follows, but that approval of that arrangement and any payment or allowance of compensation for services rendered or reimbursement of expenses will be in accordance with 11 USC 329 and 330 and FRBP 2016. Billing rates currently range from $200.00 to $350.00 an hour for partners; associate attorney's time is billed at $150.00 per hour. Steve Phillabaum's billing rate in this matter is $350.00 an hour. Ian Ledlin's billing rate in this matter is $300.00 an hour. Time devoted by legal intern, law clerk, paralegal and legal assistant staff is charged at a billing rate of $75.00 per hour. Reimbursement of expenses will be requested.

6. That appointee is a relative of the bankruptcy judge assigned the case.  / / YES /X/ NO

7. (For Trustee or Debtor in Possession) That appointee does hold or represent an interest adverse to the estate, that appointee is a disinterested person and that appointee has not served as examiner in the case. /X/ YES  / / NO  *If YES, explain:* Appointee holds a claim against the estate. See Part 9 below.

8. (For Creditors Committee) That appointee is not and will not while employed by the committee represent any other entity having an adverse interest in connection with the case./ / YES  / / NO  /X/ N/A  *If YES, explain:*

9. That to best of your applicant's knowledge, all of the appointee's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, any person employed in the office of the United States trustee or the bankruptcy judge assigned the case are as follows:
    A. That appointee is a creditor as defined by 11 USC 101(10).
    /X/ YES  / / NO  *If YES, complete the following:*
    *Date on any waiver, set-off or assignment:* none.
    *Type of debt incurred:* Legal fees & costs  *Payment made:* Yes
    *Date incurred:* 3/9/09-4/21/14  *Dates payments made:* 4/7/10-4/21/14
    *Amount incurred:* $162,382.02  *Amounts of payments:* $81,434.18[2]
    (plus $12,000.00 in trust account)
    **Remaining Balance: $80,947.84**
    Note: These amounts are jointly owed by Bourke Owens

Applicant has provided post-petition services on the matters for which appointment is sought.

---

[2]See Part 9.1 below.

B.  That appointee is indebted to the debtor or to the estate?
/ / YES /X/ NO *If YES, complete the following:*
    *Type of debt incurred:*     *Payment made:*
    *Date incurred:*     *Date payment made:*
    *Amount incurred:*     *Amount of payment:*

    ***Remaining Balance:***

C.  That appointee has represented or presently represents an entity that could be classified as a creditor as defined by 11 USC 101(10)?
/X/ YES / / NO *If YES, provide the following and any other relevant information as to each such entity:*
  a) name
  b) dates, capacity and scope of representation
  c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given

  a) Harry Bourke and Diana Owens
  b) See responses to 1 and 2 above
  c) No conflicts

  a) William McAndrews
  b) 1997; lawyer for William McAndrews in a chapter 13 bankruptcy (uncertain if this is the same William McAndrews); matter closed
  c) No conflicts

  a) William McAndrews
  b) 1995; lawyer for William McAndrews in litigation against Linda Sams (uncertain if this is the same William McAndrews); matter closed
  c) No conflicts

D.  That appointee is or has been an equity security holder as defined in 11 USC 101(17)?
/ / YES /X/ NO *If YES, provide the following and any other relevant information as to such equity security interests:*
  a) description of each interest
  b) amount of each interest
  c) dates each interest held
  d) dates and manner of disposal of each interest

E.  That appointee has represented or presently represents an equity security holder as defined by 11 USC 101(17)?
/X/ YES / / NO *If YES, provide the following and any other relevant information as to each such equity security holder:*
  a) name of holder

b) dates, capacity and scope of representation
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including discussion as to any waivers received or given.

Answer – See responses to 1, 2 and 9c above. In addition, Applicant responds:

a) Applicant represents Harry Bourke Owens and Diane Owens jointly with Debtor as set forth herein;
b) dates, capacity and scope of representation: 3/9/2010 to present; lawyer for debtors; State Court Litigation proceedings brought by Mauch & Davis against Debtor, Harry Bourke Owens, and Diane Owens; counterclaims of Debtor, Harry Bourke Owens, and Diane Owens against Mauch & Davis
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including any discussion as to any waivers received or given: No conflict

F. That appointee is or has been an insider as defined by 11 USC 101(31)?
/ / YES /X/ NO *If YES, fully explain and provide any and all relevant information pertaining thereto.*

G. That appointee has represented or presently represents an insider as defined by 11 USC 101(31)?
/X/ YES / / NO *If YES, provide the following and any other relevant information pertaining thereto as to each such insider:*

Answer – See responses to 1, 2 and 9c above. In addition, Applicant responds:

a) Applicant represents Harry Bourke Owens and Diane Owens jointly with Debtor as set forth herein;
b) dates, capacity and scope of representation: 3/9/2010 to present; lawyer for debtors; State Court Litigation proceedings brought by Mauch & Davis against Debtor, Harry Bourke Owens, and Diane Owens; counterclaims of Debtor, Harry Bourke Owens, and Diane Owens against Mauch & Davis
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including any discussion as to any waivers received or given: No conflict

H. That appointee has or presently represents the debtor?
/X/ YES / / NO *If YES, provide the following and any other relevant information pertaining thereto:*

a) name: Debtor
b) dates, capacity and scope of representation: 6/11/2010 to 4/22/2014; lawyer for the Debtor; violation of settlement agreement.
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including any discussion as to any waivers received or given: No conflicts.

a) name: Debtor
b) dates, capacity and scope of representation: 6/26/2013 to 7/31/13; lawyer for the Debtor; draft affiliate, non-competed, and confidentiality agreements.
c) actual or possible conflicts according to any applicable code or rules of professional conduct, including any discussion as to any waivers received or given: No conflicts.

1. That appointee has participated in any transaction with the debtor, whether or not such transaction involved representation of the debtor? Transactions include, but are not limited to any actions under 11 USC 329(a) and FRBP 2017(a), involving payments, retainers, set-offs, security agreements, liens, gifts or indentures as defined by 11 USC 101(28).
/X/ YES / / NO  *If YES, provide the following and any other relevant information concerning each such transaction:*
    a) names of all parties involved: Debtor; Phillabaum, Ledlin, Matthews & Sheldon, PLLC
    b) dates and description: 8/19/2013 - 11/25/2013 payments of fees and costs relating to North Town contractor agreements
    c) amounts involved if applicable: $3,580.50[3]
    d) reason for transaction: Payment of legal fees and costs

    a) names of all parties involved: Debtor; Phillabaum, Ledlin, Matthews & Sheldon, PLLC
    b) dates and description: 6/28/2011 payments of fees and costs relating to ABC Insurance
    c) amounts involved if applicable: $1,934.60[4]
    d) reason for transaction: Payment of legal fees and costs

    a) names of all parties involved: Bourke and Diane Owens, the Debtor, and Phillabaum, Ledlin, Matthews & Sheldon, PLLC

---

[3] All was paid by Debtor.

[4] All was paid by credit card issued in the name of Harry Bourke Owens and Diana Owens, but the credit card charges made for this payment were paid by Debtor.

b) dates and description: 4/7/2010 – 3/11/2014 payments of fees and costs relating to the Lawsuit
c) amounts involved if applicable: $87,919.08[5]
d) reason for transaction: Payment of legal fees and costs

J. That appointee has received or has been promised compensation from debtor or some other entity for services rendered or to be rendered in the case?
/X/ YES  / / NO  *If YES, provide the following and any other relevant information concerning each such payment or promise.*
   a) name of payor or promisor: Debtor
   b) status of payor or promisor: Promisor is a business operating as a going concern
   c) relationship between debtor and payor or promisor: Same
   d) date of payment or promise: April 22, 2014
   e) amount of payment or promise: Guaranty of payments
   f) basis for payment or promise: As Court approved.
   g) location or disposition of any monies received: No post-petition funds received to date

K. That appointee has caused to be conducted an internal conflicts check in regard to representation of other clients as required by any code or rules of professional conduct? /X/ YES  / / NO  *If YES, state results, if NO, state why it was not done.*
   <u>No conflicts.</u>

DATED: May ____, 2014              SWISS VALLEY AGENCY, INC.

                                   _____
                                   Bourke Owens, President of Swiss Valley Agency, Inc.


We, the undersigned appointees, do hereby state under penalty of perjury that we have read the above representations and verify that they are true and accurate and that they disclose all material facts required to the best of our knowledge and belief.

DATED: May _____, 2014.

---

[5]Debtor paid $55,080.93 by checks; $32,838.15 was paid by credit card issued in the name of Harry Bourke Owens and Diana Owens, but the credit card charges made for this payment were paid by the Debtor. Last credit card payment was received on February 27, 2013.

PHILLABAUM, LEDLIN, MATTHEWS
& SHELDON, PLLC
Appointee
By: Ian Ledlin, Principal
By: Stephen D. Phillabaum, Of counsel
1235 N. Post Street, Suite 100
Spokane, WA 99201
(509) 838-6055

_____
Ian Ledlin

*Ian Ledlin, fco*
_____
Stephen D. Phillabaum